IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3010-D

JAMES L. ANDRADE, JR., )
)
Plaintiff, )
)
v. ) **ORDER**
)
ROBERT C. LEWIS, et al., )
)
Defendants. )

On January 25, 2010, James L. Andrade, Jr. ("Andrade" or "plaintiff"), a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 [D.E. 1]. On November 16, 2010, the court reviewed the complaint pursuant to 28 U.S.C. § 1915A, allowed Andrade to proceed with his claim of deliberate indifference to a serious medical need against defendants Bell and Hassan, and directed Andrade to file a response with information sufficient to determine whether Andrade had exhausted the administrative remedies available for his Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims [D.E. 2]. On March 30, 2011, the court dismissed Andrade's ADA and RA claims for failure to exhaust administrative remedies [D.E. 7], and the clerk directed North Carolina Prisoner Legal Services, Inc., ("NCPLS") to investigate plaintiff's remaining claims [D.E. 8]. On June 28, 2011, NCPLS responded to the order of investigation, stating that it had investigated plaintiff's complaint and determined that appointment of counsel is not warranted [D.E. 15].

On July 28, 2011, defendant Bell answered the complaint and filed a motion to dismiss [D.E. 18–19]. On September 1, 2011, the court entered a scheduling order [D.E. 23]. On October 26, 2011, defendant Hassan filed a motion to seal [D.E. 25]. On October 31, 2011, defendants Hassan

and Bell filed motions for summary judgment [D.E. 27, 30]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Andrade about defendant Bell's motion to dismiss and defendant Hassan's motion for summary judgment, the consequences of failing to respond, and the response deadlines [D.E. 21, 29].[1] On November 10, 2011, Andrade responded in opposition to defendant Hassan's motion to seal [D.E. 32]. On December 21, 2011, Andrade filed an affidavit, which the court construes as a response in opposition to defendant Hassan's motion for summary judgment [D.E. 34].

In light of defendant Bell's motion for summary judgment, the court DENIES AS MOOT his motion to dismiss [D.E. 19]. Andrade has until February 24, 2012 to file a response to defendant Bell's motion for summary judgment. All other motions remain pending.

SO ORDERED. This 18 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge

---

[1] It is not clear whether the court notified Andrade about defendant Bell's motion for summary judgment. If Andrade would like to file a response to defendant Bell's motion for summary judgment, he may do so on or before February 24, 2012. The court warns Andrade that his failure to respond to the motion may result in the court granting summary judgment to defendant Bell. The court further notifies Andrade that he cannot rely only on the complaint or other pleadings to defeat a motion for summary judgment, but must respond to such a motion with affidavits, declarations, citations to particular parts of the record, or other material in such a manner so as to persuade the court that a genuine issue of material fact exists, and the case should proceed to trial or evidentiary hearing. Additionally, Andrade must provide a copy of any response to all remaining parties in this case.